UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS HARRIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT OF WASHINGTON, D.C., HIS SUCCESSORS AND ASSIGNS; THAO PHAM, an individual; MIGUEL A. UGARTE, an individual; MID VALLEY MORTGAGE SERVICES INC., a California corporation, and DOES 1 through 30,<br><br>　　　　Defendants. | No. 2:14-cv-01769 JAM AC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

　　This matter is before the Court on Plaintiff Chris Harris' ("Plaintiff") Ex Parte Motion for a Temporary Restraining Order ("TRO") (Doc. #21).[1] Defendant United States of America, on behalf of the Secretary of Housing and Urban Development ("Defendant" or "HUD"), filed an opposition (Doc. #23). For the

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). No hearing was scheduled.

1

reasons stated below, Plaintiff's application for a TRO is DENIED.

## I.   OPINION

### A.   Legal Standard

Federal Rule of Civil Procedure 65 provides authority to issue either preliminary injunctions or temporary restraining orders.  A plaintiff seeking a preliminary injunction must demonstrate that it is "[1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008)).  The requirements for a temporary restraining order are the same.  Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n. 7 (9th Cir. 2001).  A TRO is an emergency measure, intended to preserve the status quo pending a fuller hearing on the injunctive relief requested, and the irreparable harm must therefore be clearly immediate.  Fed. R. Civ. Proc. 65(b)(1).

### B.   Analysis

Having reviewed Plaintiff's application for a TRO, the Court concludes that Plaintiff has failed to establish a likelihood of success on the merits.  Specifically, Plaintiff has not shown that, even if a HUD employee made an oral promise to sell Plaintiff the property at a reduced price, such a promise would be enforceable.  Under the relevant guidelines, the "list price"

2

or "asking price" for a property to be resold by HUD must be "based upon an appraisal conducted by an independent real estate appraiser using nationally recognized industry standards for the appraisal of residential property." 24 C.F.R. § 291.100. There is no provision in these guidelines which authorizes the downward adjustment of the list price for the reason alleged by Plaintiff. 24 C.F.R. § 291.100. Generally, a governmental agency will not be "bound by its employees' unauthorized representations." Wagner v. Dir., Fed. Emergency Mgmt. Agency, 847 F.2d 515, 519 (9th Cir. 1988); see also Teitelbaum v. U.S. Dep't of Hous. & Urban Dev., 953 F. Supp. 326, 331 (D. Nev. 1996) (holding that an oral promise in contradiction of regulatory procedures was insufficient to support a claim against HUD). Thus, Plaintiff has failed to establish that he is likely to succeed on the merits of his claims against HUD. For this reason, Plaintiff's application for a TRO is DENIED. This Order does not affect the motion to dismiss (Doc. #6) and motion to remand (Doc. #7) pending before Magistrate Judge Claire.

## II. ORDER

For the reasons set forth above, the Court DENIES Plaintiff's Motion for a Temporary Restraining Order.

IT IS SO ORDERED.

Dated: September 23, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

3